DICKSON, Justice,
dissenting.
In much of the work of this Court, our attention is unfortunately focused upon the worst of eriminal behavior, often involving the infliction of tragic injuries and death. It is thus quite possible that we occasionally may become somewhat desensitized such that crimes not resulting in injuries may deceptively seem moderate and mild.
The defendant here broke through the front door glass and into the home of an elderly woman living alone and stole her television, jewelry, and other items. Fortunately, she was not in the house at the time. But this does not eliminate the enormous emotional impact and devastating sense of vulnerability and insecurity resulting from such a violation of the sane-tity of a person's home. For conviction of this very serious crime of Burglary as a Class B Felony, Indiana statutes authorized a sentence of up to twenty years. And if committed by a habitual offender, a person with two or more convictions for prior unrelated felonies, the trial judge was authorized to increase the sentence by an additional thirty years, for a total of fifty years.
Judge Pigman imposed a stern but measured sentence. For this Burglary convietion, and for this defendant, who has a criminal history that includes eight prior felonies including burglary, battery, forgery, intimidation, and escape, plus ten misdemeanors, many of which involved violence, the trial court here ordered a sentence of fifteen years, five years less than the maximum. And for his status as a habitual offender, the judge enhanced the sentence by only twenty-five years, five less than the maximum enhancement. For the defendant's accompanying convictions of Theft as a Class D felony, the trial court imposed a basic sentence of two years, instead of the maximum sentence of three years. And he ordered all of the defendant's sentences to be served concurrently rather than consecutively.
The defendant's convictions could have subjected him to a lawful aggregate sentence of over fifty-three years. But the trial court thoughtfully imposed a total sentence of only forty years.
Notwithstanding our duty under Indiana Appellate Rule 7(B) to give due consideration to the trial court's sentencing deci-gion, this Court today finds the sentence determined by Judge Pigman to be inap *1016 propriate and instead declares that it should be only twenty-five years-less than fifty percent of the maximum sentence authorized by statute. In matters of criminal sentencing, - Indiana Appellate Rule 7(B) "places central focus on the role of the trial judge." Serino v. State, 798 N.E.2d 852, 856 (Ind.2003). Trial judges, not appellate judges, are in a far superior position to make sound sentencing decisions that are appropriate to the offender and the offense. Given an appellate tribunal's limited opportunity to fully perceive and appreciate the totality of the evidence personally observed by the trial judge at trial and sentencing, the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases. Appellate sentence modifications should be extraordinary events that almost never occur. This is not such a case. To the contrary, the trial court's decision is quite commensurate with the offense and the offender.
I would affirm the trial court (except as to the incorrect redundant enhancement for the Theft conviction, as conceded by the State and noted by the Court of Appeals and by footnote 2 in the majority opinion herein).